UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADELEKE BOSORO,

                     Plaintiff,

    -against-

AMERICAN COMPREHENSIVE HEALTHCARE
MEDICAL GROUP, P.C., d/b/a AmeriComp, f/k/a
AFAM Comprehensive Healthcare Medical Group;
MEDICAL SERVICES MANAGEMENT
ORGANIZATION, LLC; BROOKLYN
BOONAKEL LLC; IFEANYI OBIAKOR; and
KAREN HENRY,

                     Defendants.

-----------------------------------------------------------x

MEMORANDUM & ORDER

14-CV-1099 (ENV)(SMG)

VITALIANO, D.J.

    Plaintiff Adeleke Bosoro initiated this action, on February 20, 2014, against his former employer, American Comprehensive Health Medical Group P.C. ("AmeriComp"), Medical Services Management Organization, LLC ("MSMO"), Ifeanyi Obiakor and Karen Henry, the CEO and CFO of AmeriComp, respectively, and Brooklyn Boonakel LLC ("Boonakel"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, and 12 N.Y.C.R.R. §§ 142-2.2, 2.4. Specifically, Bosoro, who allegedly worked for defendants as a medical assistant between June 2012 and December 2013, claims that defendants failed to compensate him in accordance with city, state, and federal law. He seeks to recover unpaid overtime compensation, liquidated damages, statutory damages, attorney's fees and costs. Defendants have not appeared or otherwise responded to the complaint, and plaintiff moved for default judgment. After denying his initial application for noncompliance with procedural rules, the Court granted Bosoro's

1

renewed default judgment motion, and referred the matter to Chief Magistrate Judge Steven M. Gold for a Report and Recommendation ("R&R") on damages. Chief Magistrate Judge Gold's R&R issued on August 31, 2015. The R&R gave notice that any objection had to be filed on or before September 17, 2015. (R&R, ECF No. 25).

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, and "may adopt those portions of the [r]eport . . . which are not factually erroneous." *Price v. City of N.Y.*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011) (citations and internal quotation marks omitted).

In this instance, no objections have been filed, and the time to do so has passed. After careful review of the record, the Court finds the R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Judgement shall enter against AmeriComp, MSMO, Boonakel, Obiakor, and Henry, jointly and severally, in the amount of $34,683 in damages and costs, itemized as follows:

    (1)    $27,045 in compensatory and liquidated damages under FLSA;

    (2)    $2,500 in statutory damages under NYLL;

(3) $5,138 in attorney's fees and costs.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
September 24, 2015

/S/ USDJ VITALIANO
_____
ERIC N. VITALIANO
United States District Judge

